**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NATALEE ANN RICHARDS, | No. 15-35614 |
| Plaintiff-Appellant, | D.C. No. 3:14-cv-05823-MAT |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Mary Alice Theiler, Magistrate Judge, Presiding

Submitted October 6, 2017**
Seattle, Washington

Before: WARDLAW, CLIFTON, and OWENS, Circuit Judges.

---

     \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     \*\*     The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Natalee Richards appeals the district court's decision affirming the denial of her application for disability insurance benefits under Title II of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.     The administrative law judge ("ALJ") did not commit reversible error in finding Ms. Richards' testimony not credible. An ALJ may use ordinary techniques of credibility evaluation, such as considering any inconsistent statements in a claimant's testimony. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). Ms. Richards gave false testimony in the context of her disability hearings. She also reported physical limitations that were contradicted by the observations of an investigator. The ALJ found Ms. Richards to be highly motivated to obtain social security benefits, and he explained that her subjective complaints were inconsistent with the medical record.

2.     The ALJ did not err by giving little weight to the opinions of Ms. Richards' treating and examining physicians. Drs. Landy and Sacks were treating physicians, and their opinions were contradicted by two non-examining physicians. If an ALJ rejects a treating or examining physician's opinion that is contradicted by another doctor, he must provide specific, legitimate reasons based on substantial evidence in the record. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 692 (9th Cir. 2009). The ALJ discounted the opinions of Drs. Landy and Sacks because they

relied heavily on Ms. Richards' self-report of symptoms, which the ALJ found to be not credible. The opinions of Landy and Sacks were also found to be inconsistent with their own treatment notes and with contemporaneous examinations. Accordingly, the ALJ provided specific, legitimate reasons, based on substantial evidence, for discounting the opinions of Drs. Landy and Sacks.

Dr. Griffin was an examining psychologist, and her opinion was not contradicted by another mental health practitioner. If an ALJ rejects an examining physician's opinion that is not contradicted by another doctor, the ALJ must provide clear and convincing reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). The ALJ discounted Dr. Griffin's opinion because she relied on Ms. Richards' self-report of symptoms, which the ALJ found not credible. The ALJ evaluated Ms. Richards using the four broad functional areas set out in the disability regulations for evaluating mental disorders. He also considered Ms. Richards' testimony that her mental health problems would not interfere with her ability to work. Thus, the ALJ provided clear and convincing reasons for discounting Dr. Griffin's opinion.

3.     The ALJ did not err by giving great weight to the evidence and testimony submitted by the Cooperative Disability Investigations Unit ("CDIU"). The Social Security Administration does acknowledge some errors on the part of CDIU. But

an error is harmless when, considering the record as a whole, the error did not affect the ALJ's ultimate disability determination. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). Even if Ms. Richards is correct about the purported errors, she does not challenge a number of the investigator's other observations, nor does she challenge the testimony of two of the witnesses. These observations and this testimony were consistent with the opinions of the two impartial physicians. Accordingly, the asserted errors were harmless because they would not have changed the ALJ's ultimate disability determination.

4.      The ALJ did not err by finding that Ms. Richards' knee pain and mental health impairments were not severe at step two. Even though he found these impairments not severe, the ALJ was required to evaluate Ms. Richards' knee and mental health impairments in analyzing residual functional capacity ("RFC"). *See* U.S. Soc. Sec. Admin., Ruling No. 96-8p, Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims, 61 Fed. Reg. 34,474, 34,477 (July 2, 1996). The ALJ did analyze Ms. Richards' knee and mental health impairments at the RFC stage, so the step two analysis did not affect the overall disability determination. Furthermore, the ALJ provided substantial evidence to support his step two findings, as required by law. *See Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005).

5. The ALJ did not err in assessing Ms. Richards' subjective symptom and pain testimony. When a claimant presents objective evidence of an underlying impairment, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). The ALJ discounted Ms. Richards' subjective symptom and pain testimony because: 1) he found her not credible, 2) she was observed engaging in activities in contradiction of her self-reported abilities, 3) she demonstrated significant motivation to obtain social security benefits, and 4) her subjective complaints were inconsistent with the medical record. Thus, the ALJ provided clear and convincing reasons for rejecting Ms. Richards' testimony regarding her pain symptoms.

6. The ALJ did not err in assessing Ms. Richards' residual functional capacity. In arguing that the ALJ erred at the RFC stage, Ms. Richards re-states her arguments regarding her knee pain, mental health, and the opinions of her examining and treating physicians. Those arguments are resolved above. Ms. Richards also argues that the ALJ did not consider her fibromyalgia pain. Given that the ALJ found Ms. Richards' pain allegations to be not credible, he was not

required to conduct a function-by-function analysis based on fibromyalgia. *See*

*Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

**AFFIRMED.**